IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TROY OWENS, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-502-Y | |
| § | | |
| REBECCA TAMEZ, Warden, § | | |
| FCI-FORT WORTH, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Troy Owens, Reg. 22926-050, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of the FCI-Fort Worth.

C. PROCEDURAL HISTORY

Owens is serving a 124-month term of imprisonment for his 2000 convictions in the Eastern District of North Carolina for conspiring to distribute in excess of 50 grams of cocaine base (crack) and in excess of 5 kilograms of cocaine in violation of 21 U.S.C. § 846. (Resp't Appendix A, at 1.) He is presently expected to be released with good conduct time on February 22, 2009. (*Id.*)

On January 26, 2007, Owens began a residential drug abuse treatment program for early release consideration under 18 U.S.C. § 3621(e). (Resp't Appendix at 4.) Although he was notified that he was provisionally eligible, he was later notified by the Bureau of Prisons (the Bureau) that he was disqualified for early release under § 3621(e) due to a 1989 conviction in the State of New York for criminally negligent homicide that involved Owens striking an individual's head with a baseball bat and causing his death. (*Id*. at 3.) In reaching its decision, the Bureau relied on 28 C.F.R. § 550.55(b)(5)(i)[1] and Program Statement 5330.10, which excludes from eligibility inmates who have a prior felony or misdemeanor conviction for homicide.[2] (*Id.* at 4, 9, 15, 18.)

---

[1] 28 C.F.R. § 550.55(b)(5)(i) states:

>(b) *Inmates not eligible for early release.* As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
>> . . .
>> (5) Inmates who have a prior felony or misdemeanor conviction for:
>>> . . .
>>> (i) Homicide (including deaths cause by recklessness, but not including deaths caused by negligence or justifiable homicide).

[2] The Bureau's program statements are available on the Internet. U.S. Department of Justice, Federal Bureau of Prisons/ Freedom of Information Act/Policy/Bureau Program Statements (policies), *available at* http://www.Bureau.gov.

2

Owens filed his petition on August 24, 2007.[3] The government has filed a response with supporting documentary exhibits. (Resp't Response & Appendix.) Owens did not file a reply.

D. ISSUES

Owens claims that the arbitrary and capricious reconsideration and revocation of his eligibility for early release amounted to a breach of contract, that he had a "settled expectation" of early release, and that the Bureau's actions clash with the Equal Protection Clause because other inmates similarly situated received early release. (Petition at 4-8.)

E. EXHAUSTION

The government asserts that the petition should be dismissed because Owens has failed to exhaust his administrative remedies. (Resp't Response at 2-6.) Federal prisoners are required to exhaust available administrative remedies through the prison before seeking habeas corpus relief under § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 50 (5th Cir. 1993). An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, an inmate is advised to seek informal discussion and resolution of their complaint with prison staff. (Resp't Appendix at 2.) If informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. (*Id.*) The inmate may formally appeal to the Warden, via a form commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. (*Id.*) Administrative remedies have not been exhausted until the

---

[3]A pro se habeas petition is generally filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Owens does not indicate in the petition the date he placed the petition in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of August 24, 2007. Thus, for purposes of this proceeding, Owens's petition is deemed filed on August 24, 2007.

inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

In support of the government's response, it has submitted the declaration of Alberto Munguia, Supervisory Attorney at FCI-Fort Worth. (Resp't Appendix at 1.) Affiant Munguia avers that, by way of his employment, he has access to inmates' files concerning any aspect of their confinement including whether an inmate has exhausted his administrative remedies. (*Id.*) Munguia further avers that review of the records maintained by the prison revealed that Owens had not exhausted the administrative remedy process relevant to his claim at the time of the affidavit because a decision on his BP-11 was pending. (*Id.* at 3.) A response to Owens's BP-11 was due on December 11, 2007. (*Id.*) Although the parties have not notified the Court of the Office of General Counsel's decision, the Court presumes the administrative remedies available to Owens have now been fully exhausted.

F. DISCUSSION

Title 18 U.S.C. § 3621(e)(2)(B) allows the Bureau to reduce the sentence of a prisoner convicted of a nonviolent felony offense by up to one year upon successful completion of a drug abuse treatment program. 18 U.S.C. § 3621(e)(2)(B); *see also* 28 C.F.R. §§ 550.50-550.60. As conceded by Owens, § 3621(e)(2)(B) explicitly leaves sentence reductions to the discretion of the Bureau. *See Lopez v. Davis*, 531 U.S. 230, 231 (2001); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997). If a prisoner meets the prerequisites of § 3621(e)– conviction of a nonviolent offense and successful completion of drug treatment, the Bureau has the authority, but not the duty, to reduce his term of imprisonment. *Lopez*, 531 U.S. at 241.

Citing to Ninth Circuit case law, Owens contends that, having signed the contract to participate in a drug treatment program, enrolled in the program, and been notified by the Bureau of his "provisional" § 3621 eligibility, he had a "settled expectation" of early release that should not be disrupted lightly. (Petition at 4.) Owens's claims are without merit.

First, Owens has failed to show the existence of a contract entitling him to early release. To the contrary, Owens signed a "Residential Drug Abuse Program Notice to Inmate," in which he acknowledged that "a determination of early release for me is provisional, may change, and depends on continued positive behavior and successful participation in all components of the program . . . ." (Petition, Exh. A.)

Second, the Fifth Circuit has specifically rejected the Ninth Circuit's settled-expectation approach. *Royal v. Tombone*, 141 F.3d 596, 601-02 (5th Cir. 1998). In this Circuit, the Bureau's earlier erroneous determination of an inmate's eligibility for early release does not change that inmate's actual status. *Id.* The clearly articulated law in the Fifth Circuit precludes relief in this case. *Id.* Thus, although the Bureau's initial grant of provisional § 3621 eligibility may have given Owens false hope or an expectation of early release, it is well settled that there is no constitutionally protected right of a convicted person to early release under § 3621(e). *Wottlin*, 136 F.3d at 1036; *Venegas*, 126 F.3d at 765. It is within the authority of the Bureau to make case-by-case assessments regarding who among the statutorily eligible nonviolent offenders are actually appropriate candidates for early release under § 3621(e) based on such considerations as preconviction conduct, the nature and circumstances of the offense, the potential for rehabilitation, the sentencing court's recommendation, postconviction conduct, and any other criteria that the Bureau deems relevant. *See* 18 U.S.C. § 3621(b); *Lopez*, 531 U.S. at 241-42 (statute does not limit considerations Bureau can

use to guide its decision); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998). Disqualifying Owens based on his past conviction for criminally negligent homicide, if not expressly sanctioned by § 550.55 Bureau rules and regulations, was a reasonable exercise of the Bureau's broad discretion under the statute.

Finally, the Fifth Circuit has expressly concluded that § 3621(e) does not create a due process liberty interest in early release and does not violate equal protection absent a showing, such showing not having been demonstrated by Owens, that similarly situated inmates are treated differently or that prison regulations governing early release are irrational. *See Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998); *Wottlin*, 136 F.3d at 1036-37. Consequently, Owens is not entitled to habeas corpus relief.

## II. RECOMMENDATION

Owen's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 4, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 4, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 12, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE